IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SETH HADLEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 24-291-KD-MU |
| | ) |
| WALMART STORES EAST, LP, | ) |
| | ) |
|    Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 5), Plaintiff's Response (Doc. 9), and Defendant's Reply (Doc. 10). This motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case, the undersigned recommends that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's claims be **dismissed without prejudice with leave to amend** as set forth below.

### I. Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *E.g., Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013). "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*,

605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted). "'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1289 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While this "plausibility standard is not akin to a 'probability requirement' at the pleading stage…the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In determining whether a claim is stated, the court "must accept the factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). *Iqbal* "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in them that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n.*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 679).

## II. Legal Analysis

Plaintiff's complaint alleges violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and any other applicable laws. (Doc 1, PageID.1). Yet the only discernable cause or causes of action in the complaint are based on allegations that Plaintiff was subject to discrimination based on disability, which is appropriately brought under the Americans with Disabilities Act, 42 U.S.C.A. § 12101, *et seq.* ("ADA") rather than Title VII. Plaintiff's response clarifies that he is attempting to state a disability discrimination claim under the ADA, as well claims for hostile work environment and constructive discharge. (*See* Doc. 8).

The undersigned agrees with Defendant that Plaintiff's complaint as presently stated impermissibly relies on legal conclusions rather than factual allegations in support of his claims. Plaintiff's factual allegations are undeniably sparse, and the main factual allegations upon which Plaintiff's claims are premised are no more than conclusory assertions without supporting factual content:

> 11. Despite Plaintiff's satisfactory performance, Defendant subjected Plaintiff to discrimination based upon disability. Specifically, disparaging remarks were made about the Plaintiff's disability.
>
> 12. Plaintiff reported the discriminatory conduct to management in March of 2024, but Defendant failed to take appropriate corrective action. Instead, Defendant made disparaging remarks regarding Plaintiff's disability and created a hostile work environment; ultimately leading to Plaintiff's departure from the Defendant's employment.
>
> 13. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, emotional distress, and other damages.

(Doc. 1, PageID.2). While detailed factual allegations are not required, if the Court were to eliminate any allegations in the complaint that are merely legal conclusions as

suggested by *Iqbal*, the remaining factual allegations would not be sufficient to support Plaintiff's alleged claims. *See Am. Dental Ass'n*, 605 F.3d at 1290.

Plaintiff has also requested in his response leave to amend his complaint should the Court find it deficient. (Doc. 8, PageID.32). The undersigned finds that at this stage Plaintiff should be granted leave to amend. Federal Rule of Civil Procedure 15 governs the amendment and supplementation of pleadings in federal court. Under Rule 15(a)(1), parties may amend a pleading once as a matter of course:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)-(B).  In all other cases, amendment is only permitted with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). However, leave to amend should be given freely "when justice so requires." *Id. See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' ").

Despite the lack of facts in the current complaint, the undersigned finds that a more carefully drafted complaint *could* plausibly state disability discrimination claims against Walmart. Therefore, Plaintiff's claims are due to be **DISMISSED** without prejudice under Rule 12(b)(6), subject to Plaintiff being granted leave to file an amended complaint that plausibly alleges such claims.

4

In drafting the amended complaint, the Court also provides the following instructions:

1. The amended complaint must reproduce the entire original complaint as amended, *see* S.D. Ala. CivLR 15(a) ("Any amendment to a pleading…must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference."), and will become the operative complaint in this action. *See also Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

2. Plaintiff included in his complaint reference to fictitious party defendants. As a general matter, fictitious party pleading is not permitted in federal court. *See, e.g., New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *see also Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (recognizing limited exception to the general rule). Under federal law, a complaint must make a prima facie showing that the use of a fictitious party falls within an exception to the general rule recognized in this Circuit's jurisprudence. Specifically, that the allegations sufficiently describe a defendant who can only be one person who is readily identifiable to the point the name is essentially surplusage. *See Smith v. Comcast Corp.*, 786 F. App'x 935, 940 (11th Cir. 2019). To the extent Plaintiff intends to utilize fictitious party identification in his amended complaint, he must ensure that it meets the exceptions identified in the caselaw above.

### III. Conclusion

Based on the foregoing, it is recommended that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's claims be **dismissed without prejudice with leave to amend** within 30 days of the entry of the Court's order on this report and recommendation.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **3rd** day of **December, 2024**.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE
